Opinion of the Court.
THIS was an action of slander. The words laid in the declaration are, “ Thomas Barkley (the plaintiff) kept his negro woman, and had a child by her ; that Shadrach Barkley told him (the defendant) so.”
The defendant demurred to the declaration, and the demurrer being overruled, he had leave to withdraw, and pleaded three special pleas. The first and second need not be recited, as there is no question made in this court, in relation to them. The third was a plea of the statute of limitations, in due form, and concludes with a verification ; and the plaintiff, instead of replying by traversing or avoiding the plea subjoins, and the plaintiff likewise.” On the trial, the plaintiff obtained a verdict and judgment ; from which the defendant has appealed to this court.
A man may maintain an action of slander for words charging him with having been guilty of fornication.
1 Dig. 264.
1. The first point made in this court, is, that the words are not actionable. That words of similar import were not actionable, upon the principles of the common law, was settled by this court in the case of Elliott vs. Alsbury and wife, 2 Bibb 473. But since that decision, the legislature has materially changed the common law in this respect, by the 9th section of the act of 1811, entitled “ an act to amend the law of proceedings in civil cases.” On the proper construction of that section, depends the question now under consideration. It provides, “that hereafter, every charge of incest, fornication or adultery, made by any citizen of this commonwealth against one of the female sex, shall be placed on the same footing as other charges of a criminal nature, for which an action will lie, according to the principles of the common law ; and that all and every person or persons, for whom an action would lie, for the speaking of scandalous words, may have and maintain an action of slander, for the speaking of words containing a charge of the commission of the offences aforesaid, or any of them, subject to the like principles, rules and regulations as are observed in other actions for slanderous words.”—4 Litt. 385.
For the defendant, it is contended, that this section ought to be construed to give an action to a female only, for words importing the charges therein specified ; while, on the other side, it is urged, that for such words an action is given to every person, without distinction of sex. The latter construction, we are of opinion, is the correct one. It is difficult to perceive any satisfactory reason for introducing the general and comprehensive terms used by the legislature in the concluding part of the section, unless it had been with a design of giving the action to any person, of either sex. It is true, that according to this construction, the latter part of the section would virtually include the former, and render it unnecessary ; but it is equally true, that a different construction would be treating the latter part of the section as a mere re-enactment of the former; and thus render it, in effect, inoperative and useless. Some degree of tautology, as well as absurdity, would seem, therefore, to follow, from either construction ; and that construction which would give an action to any person, without regard to sex, is *66 manifestly more consonant to the general principles which govern such actions; for persons of either sex are equally capable of committing the offences mentioned in the section, and are by law subject to the same punishment ; and in all other cases of a like character, the law knows no distinction between persons of different sexes, in relation to their capacity to maintain an action. The first point, therefore, made in this court by the defendant in the court below, cannot, we think, be sustained.
A similiter is no response to a plea of the statute of limitations ; and such a state of pleadings is sufficient cause for the reversal of the judgment.
2. The only other point made in this court, is, that there was no issue joined upon the plea of the statute of limitations. This is undoubtedly true, and is a fatal objection to the judgment. The similiter subjoined to the plea by the plaintiff, cannot be taken as a traverse of the plea. According to its obvious import, it admits the truth of the plea, without alleging any matter in avoidance ; and as the plea is unquestionably a good bar to the action, unless it had been sufficiently answered by a replication traversing or avoiding it, the plaintiff could not be entitled to a judgment.
The judgment must be reversed with costs, and the cause be remanded, for new proceedings to be had, not inconsistent with the foregoing opinion.