*163 THIS was a writ of error coram vobis, brought by Clarke and Gaines against Bell, in the court below, to quash a replevin bond. Errors, both of law and of fact, were assigned. The defendant in error demurred, and the court having sustained the demurrer, the plaintiffs moved the court to permit them to amend their assignment of error, by striking out the errors of law ; but the court overruled the motion, and gave judgment for the defendant; from which the plaintiffs have appealed to this court.
2. That the circuit court was correct in sustaining the demurrer, there can be no doubt. It is a settled róle, that error in fact and error in law cannot be assigned together ; for these are distinct things, and require different modes of trial, and in case of rever, sal, a different judgment is entered. — Tidd’s Prac. 1108 and 1136.
It is equally clear, we think, that the circuit court did not err in refusing the plaintiffs permission to amend their assignment of error. The books, as far as we are aware, furnish no precedent of such an amendment. It is true, that courts have indulged amendments ip the pleadings of the parties in original actions, at every stage of the cause before trial.; but this is done only in the exercise of a sound discretion, and we are not apprized that such an indulgence has ever been granted with respect to the pleadings of the parties in a writ of error. Be that, however, as it may, (for we do not mean to decide that such an indulgence cannot be granted in any case,) still, it must be admitted, if it can be done, to be a matter within the discretion of the court; and in this case, after a de. murrer bad been filed, issue had been taken upon the demurrer, and the court had pronounced its judgment, it cannot, with propriety, be said to have transcended or ajmsed its discretion.
3. But an unanswerable objection to the amendment proposed, is to be found in the insufficiency of the eiv ror in fact, which would alone have remained, after striking out the errors in law. The error in fact as. signed, is, that « when the replevin bond was signed *164 by the plaintiffs in error, it was wholly blank, in regard to the penalty, the sum to be discharged, costs, &c.” Now, this «nay be true, and the bond still be a valid one; for it was the delivery, and not the signing of the bond by the plaintiffs in error, which made i4 their deed; and although it might have been signed before the blanks were filled, yet if it were delivered afterwards by them, it became thereby a valid bond.. Whether, therefore, the bond when signed was blank or not, is immaterial; and. of course, if the fact were assumed to be as the plaintiffs in error have alleged, it would not authorise any conclusion of law in their favor.
The judgment must be affirmed with costs and damages upon the damages.