Opinion op the Court,
bp Ch. J. Bople.
THIS was a writ of error coram vibis with supersedeas, brought by Williams against Clay, in the Madison cir-cup court, to quash an execution of fieri facias, issued lIPon a judgment obtained by the latter against the former. The errors assigned in the petition for a supersedeas, were the following, in substance:
*st' ^hat die execution issued illegally, there being judgment in force to warrant it.
2d. That there had previously issued upon the same judgment, a co. sa, which was duly executed on the plaintiff in error, and' he, in the year 1815, took the oath prescribed by law for insolvent debtors, and was discharged, whereby the operation of said judgment, an<-i the right to issue execution thereon, ceased, until revived by scire facias, which lias not been done,
3d. That the judgment was dead, no execution having issued thereon for five years previously.
4th,, That no execution ought to have issued upon said judgment, because a ca, sa. had formerly issued „011 gn](( judgment, and was duly'executed, and the plaintiff in error, in virtue thereof, committed to the jail of Madison county, and has never been discharged in any way from said confinement, by due course of law.
At the time to which the writ of error coram vobis was returnable, the defendant in error filed a demurrer to the errors'assigned, and without any joinder by the plaintiff, the demurrer was argued, and the court took time for several days to consider, and then rendered judgment sustaining the demurrer and dismissing the writ of error with costs and damages.
After the judgment had been rendered, the plaintiff in error asked leaye to assign errors, alleging that the paper demurred to was not an assignment of error; but the court refused the leave. The plaintiff then moved for leave to amend his assignment of errors; but the court overruled his motion,' and he lastly moved the court to permit him to strike oüt all his errors, except the first, which the court refused; and to all these *57 opinions of the court he excepted, and has brought the case to this court by writ of error with supersedeas.
The first question is, whether the circuit court erred in sustaining the demurrer. In considering this question, we shall assume the errors alleged in the petition for a supersedeas, to be the plaintiff’s assignment of errors, and we shall do this, because it is believed to be the general practice in writs of error coram vobis, to assign no other errors than those alleged in the petition for a supersedeas, and because the plaintiff in error in this case had obtained his writ of error with supersedeas upon those errors; had assigned no others; had permitted the defendant to demur to them, and had argued the demurrer, and awaited the decision of the court against him, before he disclaimed them.
Assuming the errors alleged in the petition to be the plaintiff’s assignment of errors, we can have no hesitation in saying that the circuit court was correct in sustaining the demurrer.
The first and third errors' assigned, are obviously matters of law, and to be tried by the record; for whether, as is asserted by the first error, there is. no judgment in force to warrant the execution, or, as is asserted by the third error, the judgment is dead, no execution having issued thereon for five years previously, are clearly questions of law, which must be decided upon the record, and which can admit of no evidence aliunde. But the second and fourth errors are evidently errors of fact; for whether, as the second alleges, the plaintiff in error, after being taken on a ca. sa. was discharged as an insolvent debtor, or, as is alleged by the fourth error, he was never discharged by due course of law, are questions which do not depend upon the record, but are matters in pais, and may be proved by evidence dehors the record. In the case of Turner vs. Feudal, 1 Cranch 132, the supreme court of the United States held, that the proceedings before magistrates, in cases of insolvent debtors, under the laws of Virginia, which are similar to the laws of this state, were not only matters in pais, but that they might be proved by parol testimony. This was perhaps going a little too far; for the law expressly requires an order from the magistrates, before the officer having the custody of the debt- or can discharge him, and of course, on the trial of an issue involving the question whether such an order had *58 been given, or not, the production of the order, unless the inability to produce it was sufficiently shown, would be necessary, and parol evidence of its contents could not be admitted. But the order is not matter of record. It is not even required by law to be filed with the papers. It is, in fact, addressed to the officer having the custody of the debtor, and is intended to be his warrant for the discharge of the debtor, and may be kept by him for his own justification.
If, then, the errors assigned are errors of fact, as well as of law, it follows that the demurrer was properly sustained; for it is a well settled rule, that errors of fact and of law cannot be assigned together; for these are distinct things, and require different modes of trial, and in case of reversal, a different judgment is entered. % Tidd’s Prac. 1108.
The'next question to be noticed, grows out of the refusal of the circuit court to permit the plaintiff in error to assign errors, to amend his assignment of errors, or to strike out all but the first error assigned.
With respect to the refusal of the court to permit the plaintiff to assign errors, on the ground that there was no assignment of errors, sufficient has already been said, to show that the decision of the court was correct, and that the ground assumed by the plaintiff was untenable; and with respect to the refusal of the court to permit the plaintiff to amend, or to strike out all but the first error assigned, the case of Clark and Gaines vs. Bell, 2 Litt. Rep. 162, is conclusive, to show that this court cannot interfere to correct the decision of the inferior court.
The only other point made by the assignment of errors in this court, which remains to be noticed, calls in question the propriety of the judgment for ten per cent, damages. The sixth section of the act concerning writs of error comm vobis, 2 Dig. L. K. 1258, has been decided by this court to embrace cases of this sort, and demonstrates the propriety of the judgment for ten per cent, damages in this case.
Judgment affirmed with costs and damages upon the