Judge Trimble
delivered the opinion of the Court.*
THIS was an action of slander, brought by Anderson and wife, for words alleged to have been spoken of the wife by the defendant, importing a charge of adultery.
The defendant filed a special plea, to which the plaintiffs demurred, and the demurrer being joined by the defendant, was sustained by the court. The defendant then pleaded not guilty, upon which issue was joined by the plaintiffs. A motion was then made by the defendantfora continuance, upon an affidavit filed; *57 which motion was overruled. A verdict was found for the plaintiffs, upon which judgment was rendered, and the defendant has brought the cash before this.court by writ of error with supersedeas.
Words spo-iug a charge * of adultery, tenable at" common law; but now are, |iy^our.stat-
^ whole action which does ”£e'declara*'1 yon jsins‘u¿, ficient.
The action j °- muetbeinthe name of the husband and declaration, ° properly con-chides to the th^p&lntíftV.
h!lSnot jurisdiction to re» y^e J-grior courtR" refusing a continuance, ^’r°tSof ín-or had been sued ont before it j¡s!¡1se{fsl;ab"
Bibb, for plaintiff; 'Paul, &c. for defendants..
The first question presented for the decision of this oourt^, whether the dhclarati'on contains a good dause of action»
_ It is admitted that words of similar import were not actionable, upon the principles of the common law, as was decided in the case of Elliott vs. Aylesberry, 2 Bibb 473; but since the passage of the act of 1811, (1 Dig. L. K. 264—4 Litt. L. K. 385,) there can be no doubt that such words are actionable., See Morris vs. Barkley, 1 Litt. Rep. 64; Philips vs. Wiseman, 2 Litt. Rep. 163.
Another question is, whether the plea to which the demurrer was Sustained, is sufficient to bar the action.-
The plea is to the whole action; but it does not even attempt to give any answer to the most material charges in the declaration. If, therefore, the plea were otherwise unexceptionable, that. objection is conclusive ngainst Us validity. Morris vs. Markley, 1 Litt. Rep. 64; 1 Chitty 509; Co. Litt. 303; 1 Saund. 28, note 3,
It has been also objected to the declaration, that it concludes to the damage of both plaintiffs, instead of concluding to the damage of the wife. This objection h clearld untenable. The principle is well settled, that for any personal injury done to the wife, she cannot sue alone, but must join with her husband, and that the declaration ought to conclude to the damage of both. See 1 Chitty’s Plead. 61-2, and the authorities there cited,
As to the decision of the court below, in overruling the defendant’s motion for a continuance, the 16th section of the act of assembly establishing this court, prohibits the court from revising the decision of any court in granting or refusing a continuance of a cause. See Session Acts of 1824, 48-9.
Thejudgmentmust be affirmed with damages at the rate of six per cent, per annum from the dáy of the date of the supersedeas, up to this time. The defendants in error must recover their cosjs in this court.

 Absent, Judge Davidge.