CASE 20—PETITION ORDINARY—JANUARY 30.

## Adams vs. Rankin.

APPEAL FROM POWELL CIRCUIT COURT.

1. In an action for slander, the words, "he, the defendant, had had sexual intercourse with the plaintiff at divers different times," are actionable, and the plaintiff need not allege nor prove special damages. (1 Rev. Stat., sec. 1, p. 179 ; 1 Litt., 64 ; 2 Litt., 163.)

2. A judgment for the plaintiff, in slander, does not bear interest from its date. (2 Rev. Stat., sec. 6, p. 65.)

T. TURNER, for appellant, cited Civ. Code, sec. 150 ; Rev. Stat., sec. 6, ch. 53.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT :

This was an action for slander. The words alleged to have been spoken by the defendant of the plaintiff are these : " He, the defendant, had had sexual intercourse with the plaintiff at divers different times."

The Revised Statutes provide that a charge of incest, fornication, or adultery, against a female, shall be actionable ; and in such cases the plaintiff shall not be held to allege or prove special damages. (1 Rev. Stat., sec. 1, p. 179.) This is a substantial re-enactment of the act of 1811 on the same subject ; and it has been held, under the latter act, that words similar to those charged in the present case were actionable of themselves, and that no allegation of special damage was necessary. (1 Litt., 64 ; 2 Litt., 163, and other cases.)

It appears that the parties produced and filed a written agreement to submit the case to the arbitrament of three persons named in the agreement ; and, at a subsequent term, it appears from the record, that, " upon motion, arbitration set aside, in consequence of the death of one of the arbitrators, and cause to stand upon the docket for trial and continued." For all that is shown by the record, this motion may have been made by the defendant. It is certain, at all events, that if the motion was made by the plaintiff, the defendant made no objection. The case was, at a subsequent term, tried on

the merits, without objection; and that, of itself, would have been a waiver of any irregularity in the order setting aside the reference.

The judgment is for five thousand dollars (the amount of the verdict), with interest from the date of the judgment. This was erroneous. A judgment, except for malicious prosecution, libel, slander, or injury to the person, and a decree, shall bear legal interest from its date. (2 *Rev. Stat.*, *sec.* 6, *p.* 65.)

For this error, and for this only, the judgment is reversed, and the cause remanded, with directions to enter a judgment in conformity with the verdict, omitting interest